Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSHINE ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KFF ARBITRATION LLC, and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.];<br>2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [Cal. Civ. Code § 1788 ET SEQ.]; and<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SUNSHINE ANDERSON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant KFF ARBITRATION LLC ("Defendant") upon information and belief based upon

1 | personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

3. Furthermore, and ancillary to the aforementioned claim, Plaintiff brings this action on her own behalf only for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"), which prohibits debt collectors from engaging in unfair, deceptive, or oppressive conduct in connection with collection on alleged debts.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq.*.

6. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

**CLASS ACTION COMPLAINT**
-2-

7.      Ancillary to Plaintiff's Class Claims arising under the EFTA, this court has jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's individual RFDCA claim because together and along with Plaintiff's EFTA Class claims, they form part of the same case or controversy or they arise under a common nucleus of operative facts.

8.      Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9.      Plaintiff, SUNSHINE ANDERSON ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6). Furthermore, Plaintiff is a "debtor" as defined by the RFDCPA, Ca. Civ. Code. § 1788.2(h).

10.     At all relevant times herein, Defendant, KFF ARBITRATION LLC ("Defendant"), was a company engaged in the business of providing dispute resolution services. Furthermore, Defendant was, at all times relevant herein, a company engaged by use of the mails or telephone in the business of collecting an alleged debt from Plaintiff which qualifies as "consumer debt" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f). Defendant regularly attempts to collect consumer debts allegedly owed to it in the ordinary course of its business, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c).

11.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS
### ~EFTA~

13. Prior to March of 2018, Plaintiff entered into an agreement with Defendant, whereby Defendant would deduct funds from Plaintiff's account on a reoccurring basis. However, on or around March 30, 2018, Plaintiff canceled this service. Despite this, Defendant continued to deduct funds from Plaintiff's account multiple times and without Plaintiff's consent or authorization.

14. Defendant's automatic withdrawals caused Plaintiff to suffer a measurable and significant financial loss for which Defendant has since and continually refused to reimburse Plaintiff.

15. Plaintiff revoked her consent to allow Defendant authorization to deduct sums of money on a regular recurring basis from Plaintiff's bank account. In fact, Plaintiff authorized Defendant to only make one payment to Defendants.

16. Defendant continued to automatically deduct unauthorized sums from Plaintiff several times without Plaintiff's authorization.

17. Furthermore, Defendant did not provide to Plaintiff, nor did Plaintiff

execute, any written or electronic writing memorializing or authorizing these automatic payments, prior to withdrawing funds from Plaintiff's bank account on or around March 30, 2018.

18. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

## FACTUAL ALLEGATIONS
## ~RFDCPA ~

19. On or around February of 2018, Defendant contacted Plaintiff, by sending a letter to Plaintiff dated February 23, 2018, in an attempt to collect an alleged outstanding debt.

20. On or around February of 2018, Plaintiff authorized an automated withdrawal from her banking account.

21. In or around March of 2018, Plaintiff authorized an automated withdrawal from her banking account.

22. In or around June of 2016, Plaintiff set up an automated payment plan with Defendant whereby Defendant was authorized to take an agreed upon amount at the same time every month. Plaintiff's account was never short of sufficient funds to satisfy the monthly, automated payments, and all payments were made to Defendant as agreed at the same time and in the same amount.

23. Furthermore, Defendant would often deduct funds from Plaintiff's bank account that were neither owed to it nor authorized under the express agreement between Plaintiff and Defendant. E.g., on or about March 30, 2018, Plaintiff made a payment to Defendant, thereby satisfying her obligation for the month of March of 2018, but on or about March 31, 2018 and, on or about April 1, 2018, Defendant deducted funds from Plaintiff's bank account that was neither

due nor authorized.

24. RFDCPA, Cal. Civ. Code § 1788.17 mandates that every debt collector attempting to collect on a consumer debt comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692b – 1692j, inclusive of, and subject to, the remedies section of the FDCPA, 15 U.S.C. § 1692k.

25. Defendant's conduct violated the RFDCPA in multiple ways, including without limitation the following:

    a. Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (15 U.S.C. § 1692e(4)); and

    b. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (15 U.S.C. § 1692e(5)

26. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and emotional distress, and Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized

electronic fund transfers within the one year prior to the filing of this Complaint.

28. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

29. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

31. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

32. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. The members of the Class were not provided with, nor did they

execute, written agreements memorializing the automatic or recurring electronic payments;

b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments;

c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments; and

d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

33. As someone whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of The Class.

34. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents

fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

36. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

38. Defendant failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

39. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

40. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

41. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

42. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the

authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

43. In multiple instances, Defendant debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

44. In multiple instances, Defendant debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

45. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
**(On Behalf of Plaintiff and the Class)**

46. Plaintiff re-incorporates by reference all of the allegations contained in paragraphs 1-51.

47. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization

shall be provided to the consumer when made."

48. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

49. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

50. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

51. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

52. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SUNSHINE ANDERSON, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, KFF ARBITRATION LLC, for the following:

  a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
  b. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);
  c. Actual damages;
  d. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);
  e. For prejudgment interest at the legal rate; and
  f. Any other relief this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
**(On Behalf of Plaintiff, Individually)**

53. Plaintiff re-incorporates by reference all of the allegations contained in paragraphs 1-32.

54. To the extent that Defendant's actions as described above violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SUNSHINE ANDERSON, individually, respectfully requests judgment be entered against Defendant, KFF ARBITRATION LLC, for the following:

  a. Actual damages;
  b. Statutory damages for willful and negligent violations;

c. Costs and reasonable attorney's fees; and

d. For such other further relief as may be just and proper.

## **TRIAL BY JURY**

55. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 31st Day of May, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff